UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 11-40-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| JOHNNA LESHAE ADAMS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 162] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Johnna Leshae Adams, is charged with using and possessing illegal drugs in violation of her supervised release. [R. 159.]

Adams was initially sentenced by this Court to 41 months of imprisonment and a five-year term of supervised release after she pled guilty to conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846, all in violation of 21 U.S.C. § 841(a)(1). [R. 99.] Adams began her supervised release on April 7, 2014.

After Adams admitted to using oxycodone and her urine tested positively for oxycodone on June 18, 2014, this Court approved United States Probation Officer Deana Kincer's recommendation of no action, particularly in light of the fact that Adams, on her own initiative, had signed up for intensive outpatient substance abuse counseling. [R. 143.]

On June 19, 2014, the United States Probation Office (USPO) issued a Supervised

Release Violation Report charging Adams with using and possessing controlled substances in violation of her supervised release conditions. [R. 145]. On July 15, 2014, Judge Ingram conducted an initial appearance, at which he found probable cause to believe the violations set forth in the Report by the United States Probation Office, and remanded Adams to custody pending her final hearing. [R. 147.] Judge Ingram initiated a final hearing on July 31, 2014, at which Adams competently stipulated to the charged violations. [R. 150.] However, the Court continued the final hearing to allow Adams, subject to bond conditions and her supervised release conditions, to complete a six-month inpatient substance abuse treatment program at Liberty Place. [R. 152]. The Court set a final hearing for February 13, 2015.

On January 5, 2015, the USPO issued a second Supervised Release Violation Report charging Adams with three new violations arising from her stay at Liberty Place drug treatment facility. [R.156]. The Second Report alleged that Adams failed to follow the directions of probation officer and that, after leaving the facility against the advice of staff, she used and possessed controlled substances. [*Id*.] Specifically, against the specific directions of her probation officer to comply with the Liberty Place treatment program, Adams left the facility on January 2, 2015; upon her return the next morning, she tested positively for and admitted to using benzodiazepines and oxycodone. [R. 162 at 3]. On another occasion, after being transported to the hospital for a high fever on January 4, 2015, Adams did not return to Liberty Place. [*Id.* at 4]. Judge Ingram conducted an initial hearing on the Second Report on January 6, 2015 and, after finding that detention was required, remanded Adams to custody. [R. 158]. On January 13, 2015, the Court conducted a final hearing for both Supervised Release Violation Reports, in which Adams competently stipulated to the charged violations in the Second Report, as well as those in the First Report. [R. 161]. On January 20, 2015, Judge Ingram issued a

2

Recommended Disposition which recommended that Adams' term of supervised release be revoked, and that she be imprisoned for a term of twelve months, followed by forty-eight months of supervised release. [*Id*. at 10].

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, but noted that Congress mandates revocation by statute in a case of this nature because Adams possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). Moreover, he emphasized that – even after the Court postponed her final hearing on the violations from the First Report and went to great lengths to entrust her to complete treatment at Liberty Place – Adams breached the Court's trust by leaving the facility on two occasions and returning to drug use. [*Id.* at 8-9]. These repeated breaches of trust, Judge Ingram explained, warranted imprisonment and a two-month upward departure from the guidelines range. Judge Ingram also found that, in light of Adams' severe drug addiction, a significant term of supervised release following revocation, with enrollment in an inpatient substance abuse treatment program, was also warranted. [*Id.* at 9-10]. Finally, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 10]. *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

3

recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 283**] as to Defendant Johnna Leshae Adams is **ADOPTED** as and for the Opinion of the Court;

2. Adams is found to have violated the terms of her Supervised Release as set forth in the First Report [R. 145] and the Second Report [R. 156] filed by the U.S. Probation Office;

3. Adams' Supervised Release is **REVOKED**;

4. Adams is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twelve (12) months, with a forty-eight (48) month term of supervised release to follow under the conditions previously imposed and those additional conditions recommended by the Magistrate Judge; and

5. Judgment shall be entered promptly.

This the 13th day of February, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge